# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN MIJEL CHAVIRA, CDCR #F-33253,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>D.W. BELL, et al.,<br><br>　　　　　　　　　　Defendants. | Civil No.　11cv2858 DMS (RBB)<br><br>**ORDER DENYING MOTIONS TO PROCEED** ***IN FORMA PAUPERIS*** **AND DISMISSING CASE WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**(ECF Nos. 8, 9)** |

　　　Ruben Mijel Chavira ("Plaintiff"), a state inmate currently incarcerated at Kern Valley State Prison in Delano, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Northern District of California on November 30, 2011.

　　　United States District Judge Claudia Wilken determined that because Plaintiff's claims appear to have arisen while he was incarcerated at Calipatria State Prison, venue in the Northern District was improper; therefore, on December 6, 2011, she transferred the case to the Southern District of California pursuant to 28 U.S.C. § 1406(a) (ECF No. 4).

　　　Plaintiff did not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; nor did he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a); therefore, on December 12, 2011, this Court dismissed the

action, but granted Plaintiff leave to either prepay the civil filing fee or seek leave to proceed IFP. *See* Dec. 12, 2011 Order (ECF No. 7) at 2. Plaintiff was specifically directed to include "a certified copy of his inmate trust account statement for the 6-month period preceding the filing of his Complaint" if he chose to proceed IFP, as is required by 28 U.S.C. § 1915(a)(2). *Id.*

Plaintiff has since filed two Motions to Proceed IFP (ECF Nos. 8, 9), and has submitted a First Amended Complaint (ECF No. 10), as is his right under FED.R.CIV.P. 15(a), because no pleading has yet to be served upon any party.

## I.

## MOTIONS TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "Under the PLRA [Prison Litigation Reform Act], all prisoners who file IFP civil actions must pay the full amount of the filing fee," regardless of whether the action is ultimately dismissed for any reason. *See Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1) & (2)).

In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint...." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and

Case 3:11-cv-02858-DMS-RBB Document 11 Filed 02/28/12 PageID.79 Page 3 of 4

forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed two Motions to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a *certified copy* of his prison trust account statement for the *6-month period immediately preceding the filing of his Complaint* to either one. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a civil action ...without prepayment of fees ... *shall* submit a *certified* copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added). Moreover, it appears the "Certificate of Funds" attached to both Motions–which must be signed by an officer authorized by the institution to certify that the trust account statement provided is a "true and correct copy" of the prisoner's assets–are not signed by "Counselor Moreno," a "Facility D-1 Unit Officer" but by Plaintiff himself. (ECF No. 9 at 5.)

Thus, because Plaintiff's trust account statements do not cover the 6-month period preceding the filing of his Complaint, and neither of his Certificate of Funds is properly certified as required by 28 U.S.C. § 1915(a)(2), the Court cannot accurately assess the appropriate amount of the filing fee which is statutorily required to initiate the prosecution of this action. *See* 28 U.S.C. § 1915(b)(1).

## II.

### CONCLUSION AND ORDER

For the reasons set forth above, **IT IS ORDERED** that:

(1) Plaintiff's Motions to Proceed IFP (ECF Nos. 8, 9) are DENIED and the action is DISMISSED without prejudice for failure to prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a).

(2) Plaintiff is GRANTED an additional forty-five (45) days from the date of this Order to either: (a) pay the entire $350 filing fee, **or** (b) file a new Motion to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint* pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

C:\Documents and Settings\Moanam\Local Settings\Temp\notes4DFDCF\11cv2858-deny-IFPs.wpd -3- 11cv2858 DMS (RBB)

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with another Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" in this matter. However, if Plaintiff neither pays the $350 filing fee in full nor sufficiently completes and files the attached Motion to Proceed IFP, *together with a properly certified copy of his trust account statement within 45 days*, this action shall remained closed without further Order of the Court.[1]

DATED: February 28, 2012

HON. DANA M. SABRAW
United States District Judge

---

[1] Plaintiff is cautioned that if he chooses to proceed further by either paying the full civil filing fee required by 28 U.S.C. § 1914(a), or filing a properly supported Motion to Proceed IFP, his Complaint will be screened prior to service pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b) and may be dismissed regardless of payment or fee status. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing sua sponte screening required by 28 U.S.C. § 1915A(b) of all prisoner complaints). Specifically, the Court notes that because Plaintiff's claims are alleged to have arisen in 2007, they may be barred by the statute of limitations and a sua sponte dismissal may be imminent. *See* Amend. Compl. (ECF No. 10) at 3; *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (district court may dismiss a claim "[i]f the running of the statute is apparent on the face of the complaint.") (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).